UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JASON WEST,<br><br>    Petitioner,<br><br>    v.<br><br>E. VALENZUELA,<br><br>    Respondent. | NO. CV 13-2773-VBF (AGR)<br><br>ORDER TO SHOW CAUSE |

On April 19, 2013, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before **May 29, 2013**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

# **BACKGROUND**

In 1994 Petitioner was convicted of kidnapping for robbery and robbery, and sentenced to life plus two years with the possibility of parole. (Petition at 2.)

On January 6, 2009, Petitioner was denied parole. The Board of Parole Hearings ("Board") scheduled his next eligibility hearing seven years later. (Petition, Memo at 2.) Petitioner does not allege that he challenged the Board's 2009 denial by filing a habeas petition in the California Supreme Court. *See also* California Appellate Courts online docket (using Petitioner's first and last names as the search term).

On January 4, 2012, Petitioner filed a habeas petition before the California Supreme Court, which was summarily denied on April 11, 2012. (Petitioner, Memo at 1); *see also* California Appellate Courts online docket in Case No. S199172.[1] Petitioner apparently claimed that Marsy's Law violated the ex post facto clause.[2] (Petition, Memo at 1.)

On April 14, 2013, Petitioner constructively filed the instant federal petition in this court in which he claimed that "his parole denial" violated the ex post facto clause. (Petition at 5 & back of envelope.)

---

[1] Petitioner does not allege he filed any state habeas petitions in lower courts.

[2] Marsy's Law was enacted by the California voters in 2008 through the initiative process. *In re Vicks*, 56 Cal. 4th 274, 278 (2013). The law amended Cal. Penal Code § 3041.5 by "increas[ing] the period of time between parole hearings but allow[ing] for the advancement of a hearing if a change in circumstances or new information subsequently establishes that there is a reasonable probability the prisoner is suitable for parole." *Id.* Prior to the law, the periods between parole hearings varied but were generally shorter. *Id.* at 283-84. *Vicks* held that the law did not violate the ex post facto clauses of the federal or California Constitution. *Id.* at 278.

## II.

## **DISCUSSION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

The AEDPA's statute of limitations applies to administrative decisions such as parole denials. *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). For petitions challenging the denial of parole, the statute of limitations begins running under § 2244(d)(1)(D) on the date after the administrative decision became final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2003) (under § 2244(d)(1)(D), the factual predicate of the petitioner's habeas claims was the Board's denial of administrative appeal); *see also Redd*, 343 F.3d at 1081-84.

**A.    The Date on Which the Administrative Decision Became Final – § 2244(d)(1)(D)**

The Board denied parole on January 6, 2009. Petitioner does not allege when the decision became final. However, even assuming it was as late as December 31, 2009, the statute of limitations expired on December 31, 2010. Absent tolling, the petition is time-barred.

**1.    Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

3

Petitioner did not file his habeas petition in the California Supreme Court until January 4, 2012. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations period has expired does not revive the limitations period).

Absent equitable tolling, the petition remains time-barred.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland,* 130 S. Ct. at 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner does not indicate he is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

4

Marsy's Law was enacted in 2008, before Petitioner's 2009 parole hearing. Therefore, Petitioner was aware of the basis for challenging the 2009 denial in 2009. Accordingly, the date of discovery does not assist Petitioner.[3]

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **May 29, 2013**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: April 29, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[3] The trigger for the filing of the instant federal petition appears to be the recent decision in *Vicks*. Petitioner "disagree[s]" with *Vicks*. (Petition, Memo at 1.) Petitioner asks this court "to find that Marsy's law violates the United States' Constitution's prohibition against ex post facto laws". (Petition, Memo at 6.) However, the limitations period may run from the date a constitutional right was initially recognized by the United States Supreme Court under certain circumstances. 28 U.S.C. § 2244(d)(1)(C). By contrast, Petitioner relies on an unfavorable decision of the California Supreme Court.