UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.    CV 13-02773-VBF-AGR                                    Dated:       August 5, 2013

Title:    *Sean Jason West, Petitioner v. E. Valenzuela (Warden), Respondent*

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                                    N/A
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR PETITIONER        ATTORNEYS PRESENT FOR RESPONDENT

N/A                                             N/A

**PROCEEDINGS (IN CHAMBERS):**      ORDER ADOPTING THE REPORT AND RECOMMENDATION AS SUPPLEMENTED: DISMISSING THE HABEAS PETITION BECAUSE IT IS UNTIMELY and PRECLUDED BY A PENDING FEDERAL CLASS ACTION; DECLINING A CERTIFICATE OF APPEALABILITY

The Court will adopt the Magistrate Judge's well-reasoned Report & Recommendation and dismiss the habeas corpus petition with prejudice as untimely. The Court also notes an additional basis for dismissing the petition: petitioner satisfies the definition for membership in a FED. R. CIV. P. 23(b)(2) opt-out class of California state prisoners certified in the Eastern District of California.[1]  Because there is no evidence that

---

[1] Some statutes provide for certification of a class action where people covered by the class definition are

petitioner has opted out of that class or that he seeks relief different and beyond that sought by the class, the Court will conclude that petitioner is bound by the terms of the Eastern District's orders certifying and defining the class. Those orders expressly prohibit class members from bringing individual lawsuits challenging Marsy's Law as violative of the federal Constitution's Ex Post Facto Clause.

---

still not in the class until and unless they affirmatively "opt in." *See, e.g.,* 29 U.S.C. § 216(b) (FLSA), *noted by Campbell v. PricewaterhouseCoopers LLP*, 253 F.R.D. 586, 590 n.1 (E.D. Cal. 2008). If a person who meets the definition of the class does not join the suit by filing a written consent, he will not be bound by the outcome and will not be precluded from bringing an individual action for relief on the same claims. *See Edwards v. City of Long Beach*, 467 F. Supp.2d 986, 989 (C.D. Cal. 2006) (Collins, J.) (citing *Leuthold*, 224 F.R.D. at 466).

**By contrast, "Rule 23(b)(2) and (b)2) class actions do not have an opt-out procedure."** *See* Fed. R. Civ. P. 23(c)(2)(A). In those types of class actions, every member of the class is bound by the judgment and they cannot opt out. **Only Rule 23(b)(3) has an opt-out procedure**." *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 586 n.9 (S.D. Cal. 2010) (citing *Ticor Title Ins Co. v. Brown*, 511 U.S. 117, 121, 114 S. Ct. 1359 (1994)); *see also Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150, *4 (N.D. Cal. Aug. 29. 2007) ("FLSA and Rule 23 provide different means for participating in a class action: FLSA provides for participation on an opt-in basis, while Rule 23" does not, requiring members to affirmatively opt out of the class where allowed by the rule) (citing FED. R. CIV. P. 23(c)(1)(B) and *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 469 (N.D. Cal. 2004)).

The 1966 amendments created Rule 23(b)(3), which allows "judgments binding all class members save those who affirmatively elected to be excluded." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15, 117 S. Ct. 2231, 2245 (1997) (citing 7A Wright, Miller & Kane, Fed. Prac. and Proc. § 1777, p. 517 (2d ed. 1986)).

**To qualify for certification of an opt-out class under Rule 23(b)(3),** " a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members"; and class certification must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Amchem*, 521 U.S. at 615, 117 S. Ct. at 2245-46.

**To alert class members of their right to "opt out" of a (b)(3) class,** "Rule 23 instructs the court to 'direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Amchem*, 521 U.S. at 617, 117 S. Ct. at 2246-47 (quoting Fed. R. Civ. P. 23(c)(2) and citing *Eisen v. Carlisle v. Jacquelin*, 417 U.S. 156, 173-77, 94 S. Ct. 2140, 2150-52 (1974) (individual notice to class members identifiable through reasonable effort is mandatory, and this requirement may *not* be relaxed or waived based on the high cost of providing such notice)).

**An action is pending in the U.S. District Court for the Eastern District of California in which a certified class of state prisoners contends that California's Marsy's Law violated the Ex Post Facto Clause** by lengthening the presumptive time period between their parole hearings. "One of the claims presented by the plaintiffs in the class action *Gilman* case is that the amendments to [Cal. Penal Code] § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because 'when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime.'" *Bagdasaryan v. Swarthout*, 2012 WL 6203113, *8 (E.D. Cal. Dec. 8, 2012) (Drozd, M.J.) (citing *Gilman v. Governor* (E.D. Cal. Civ 2:05-830) Doc. 154-1 (4th Am. Comp.) at 13). "With respect to this Ex Post Facto claim, the class consists of 'all California state prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008'", *Bagdasaryan*, 2012 WL 6203113 at *8 (quoting *Gilman* Doc. 340, order amending class definition), were eligible for parole, and have been denied parole, *see Johnson v. Hartley*, 2013 WL 440990, *4 (E.D. Cal. Feb. 5, 2013) (describing *Gilman* class).

The Eastern District certified two classes, one asserting the same claim as our petitioner and one asserting an unrelated claim, in March 2009, *see Gilman v. Brown*, 2013 WL 1904424, *1 and n.1 (E.D. Cal. May 7, 2013) (Lawrence Karlton, Sr. J.) (citing E.D. Cal. 2:05-cv-00830 Doc. 182), and the Ninth Circuit panel affirmed these initial class certifications on interlocutory appeal in 2010, *see Gilman v. Schwarzenegger*, E.D. Cal. 2:05-cv-00830 Doc. 257, 382 F. App'x 544 (9th Cir. 2010) ("The district court did not err in certifying the class . . . . . * * * We express no view as to whether further sub-classifications may be necessary or appropriate."). In April 2011, plaintiffs sought leave to amend the definition of the classes. The Eastern District judge granted plaintiffs' motion and modified the class definitions as follows, resulting in three certified classes:

> *As to Claim 8 (ex post facto challenge to Proposition 9 deferral provisions), the class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008."*

> As to Claim 9 (*ex post facto* challenge to Proposition 89 giving Governor authority to overturn a parole decision), the class is defined as . . . .
>
> As to all other claims, the class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing."

E.D. Cal. 2:05-cv-00830 Doc 340 at 2 ¶¶ 1-3, *cited by Gilman*, 2013 WL 1904424 at *1 n.3.

**The Eastern District judge recently recounted the definition of the two classes which he has certified.** "The first certified class of plaintiffs were sentenced to life terms for offenses that occurred before November 4, 2008. On that date, Proposition 9 [Marsy's Law] increased the interval between parole hearings available to these prisoners from a default period of one year (with a maximum of two, three, or give years), to a default period of fifteen years (with a minimum of three years)." *Gilman v. Brown*, 2013 WL 1904424, *1 (E.D. Cal. May 7, 2013). "The second certified class of plaintiffs were sentenced to life terms for offenses that occurred before November 8, 1988. On that date, Proposition 89 [not at issue in our plaintiff West's case] gave the Governor authority to reverse any Parole Board decision finding a life term prisoner suitable for parole. Such parole board decisions had previously been final." *Id.* The judge explained that "[t]he classes were certified pursuant to FED. R. CIV. P. 23(b)(2), which permits class members to opt out at the discretion of the court." *Id.* at *1 n.1 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 n.6 (9th Cir. 1998)).

**This Court finds that petitioner West is a member of *Gilman*'s first certified class,** as he is (1) a California state prisoner (2) sentenced to a term of life in prison (in his case, life plus two years with the possibility of parole) (3) sentenced before the November 8, 2008 effective date of Proposition 9 / Marsy's Law (in his case, sentenced in 1994). *Compare* Petition ("Pet") at 2 ¶ 2c-f and 9 *with* E.D. Cal. 2:05-cv-00830 Doc 182 (certifying initial class) and Doc 340 (amending class definitions).

**Thus, without regard to the timeliness of this petition, its filing violates both general class-action principles and the language of the Eastern District of California orders which certified and defined the class.** "According to the district court in *Gilman*, the members of the class 'may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.'" *Bagdasaryan*, 2012 WL 6203113 at *8 (quoting *Gilman v. Governor* (E.D. Cal.) Doc. 296 (Dec. 10, 2010 Order) at 2, and citing *Gilman* Docs 274, 276, and 278 (Sept. 23, 2010 and Sept. 28, 2010 and Oct. 1, 2010 Orders)).[2] **Petitioner West here had no right to file this action *vel non*.**

**The Court notes that the preclusive effect of the pending class action does not turn on the presentation of proof that this plaintiff actually received notice of the class's certification or other proceedings.** The Ninth Circuit has held that "[t]he preclusive effect of a class action depends upon the adequacy of the entire notice scheme and not upon a determination of whether [a] member of the class to be precluded actually received notice." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 861 n.4 (9th Cir. 2000) (citing *Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987) ("'An absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice.'")).

As the sole ground for federal habeas relief, the petition states, "Petitioner challenges his parole denial on the grounds [of a] violation of US Constitution[']s prohibition against Ex Post Facto laws." Pet at 5 ¶ a; *see also* Pet at 9 ("Petitioner implores this court to find that Marsy's Law violates the United States Constitution's

---

[2]

The Eastern District judge issued an order on May 7, 2013 explaining that the "plaintiffs' two surviving claims assert that Propositions 9 (Claim 8) and 89 (Claim 9), violate their rights under the Ex Post Facto Clause . . . ." E.D. Cal. No. CV 2:05-830 Doc 479 at 2. The judge denied the defendants' motion to decertify the remaining classes and their motion for summary judgment, Doc 479 at 2-3. After a four-day bench trial held from June 27, 2013 through July 2, 2013 (Docs 506 and 509-11), the court ordered the parties to file post-hearing briefs on September 30, 2013, with response briefs due by October 21, 2013, *see* Doc 511. That July 2, 2013 scheduling order is the latest entry on the E.D. Cal.'s *Gilman* docket sheet.

prohibition against ex post facto laws, and that the California Courts' decision [in petitioner's case and in the 2013 California Supreme Court decision *In re Vicks*] was an unreasonable determination under § 2254."). **Accordingly, the Court determines that petitioner has not asserted any claims which would not be covered by the pending *Gilman* class action.** *Cf. Pride v. Correa*, No. 10-56036, – F.3d –, 2013 WL 3742531, *5 (9th Cir. July 16, 2013) ("In *Crawford [v. Bell]*, we upheld the dismissal of the portions of the complaint concerning . . . overcrowding at the prison . . . because the identical issue was being litigated in a pending class action. * * * But we reversed dismissal of plaintiff's claims for unsanitary conditions, lack of legal resources, and deprivation of visiting privileges because those claims were not addressed by the class action.") (citations omitted). Nor does it appear that he seeks some equitable relief beyond that sought by the pending class action. *Cf. Ortiz v. Reynolds*, 2012 WL 2521994, *3 (E.D. Cal. June 28, 2012) (Brennan, M.J.) ("In *Crawford v. Bell*, the Ninth Circuit held that a plaintiff who is a member of a pending class action for equitable relief concerning prison conditions may not maintain a separate, individual suit for relief that is also sought by the class," but rather may pursue only "equitable relief that 'goes beyond' or is 'not covered' by the class action.'") (quoting *Crawford*, 599 F.3d at 892-93, and citing *McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (5th Cir. 1991) (*en banc*) (adopting a rule precluding individual lawsuits for equitable relief by class action members, reasoning that such actions "would interfere with the orderly administration of the class action and would risk inconsistent adjudications").

Moreover, **"[p]etitioner has not alleged or presented any evidence indicating that he requested permission from the *Gilman* court to opt out of the action."** *Sims v. Swarthout*, 2012 WL 5381408, *7 (C.D. Cal. July 30, 2012) (Bristow, M.J.), *R&R adopted*, 2012 WL 5381401 (C.D. Cal. Oct. 31, 2012) (Letts, J.). On the contrary, the *Gilman* docket sheet shows that only three prisoners who met the class definition successfully opted out of the action, none of them petitioner West. *See* Docket Sheet on E.D. Cal. 2:05-cv-00830 (showing "movants" Curtis, King, and, Jones as "terminated"); *see also* Doc 312 (Order allowing Curtis to opt out on January 10, 2011) and Doc 361 (Order allowing King and Jones to opt out on August 17, 2011). A recent

opinion by the Eastern District judge in *Gilman* grants the motion of two additional class members (Exdahl and Davies) to opt out, although the docket sheet caption does not reflect this fact. *See Gilman v. Brown*, 2013 WL 1904424, *1 n.1 (E.D. Cal. May 7, 2013) (granting class members' motions docketed as Docs 450 and 474).

**Therefore, "[i]n light of the ongoing *Gilman* action, petitioner's ex post facto challenge to Marsy's law [must] be dismissed without prejudice."** *Sims*, 2012 WL 5381408 at *7; *cf. Griffin v. Gomez*, No. 95-16684, 139 F.3d 905, 1998 WL 81336, *1 (9th Cir. Feb. 24, 1998) ("[T]he district court held that . . . as a member of the then-pending *Madrid* class action, Griffin was precluded from challenging on due process grounds the gang-member segregation and debriefing policies . . . ."). "Individual members of the class, like [petitioner], 'may assert any equitable or declaratory claims they have, but they must do by urging further actions through the class representative and attorney . . . or by intervention in the class action.'" *Diaz v. Diaz*, 2012 WL 5949094, *6 (E.D. Cal. Nov. 28, 2012) (Kohn, M.J.) (quoting *Webb v. Schwarzenegger*, 2012 WL 163012 (N.D. Cal. Jan. 19, 2012) (Hamilton, J.) (quoting *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988))).

**Dismissal without prejudice of petitioner's constitutional claim in deference to the pending federal class action is consistent with the past practice of the undersigned**, *see Harris v. Long*, 2012 WL 2061698 (C.D. Cal. May 10, 2012), *R&R adopted*, 2012 WL 2061695 (C.D. Cal. June 6, 2012) (Fairbank, J.), **and other members of this court**, *see Gay v. Hedgpeth*, 2012 WL 5379155 (C.D. Cal. July 24, 2012), *R&R adopted*, 5372817 (C.D. Cal. Oct. 31, 2012) (Pregerson, J.); *Franklin v. Swarthout*, 2012 WL 2366034, *10 (C.D. Cal. Jan. 31, 2012), *R&R adopted*, 2012 WL 2138242 (C.D. Cal. June 11, 2012) (Pregerson, J.) (likewise dismissing petitioner's ex post facto claim against Marsy's Law without prejudice in deference to *Gilman* class action); *Hall v. Martel*, 2011 WL 7005465 (C.D. Cal. Dec. 7, 2011), *R&R adopted*, 2012 WL 94331 (C.D. Cal. Jan. 9, 2012) (Selna, J.) (same); *Campbell v. Ochoa*, 2011 WL 5436233 (C.D. Cal. Oct. 3, 2011) (Nagle, M.J.), *R&R adopted*, 2011 WL 5515486 (C.D. Cal. Nov. 11, 2011) (Kronstadt, J.) (same). *Accord Reese v. Brazelton*, 2013 WL 268703, *3 and *4 (E.D. Cal. Jan. 24, 2013) (Seng, M.J.) ("The parameters of the *Gilman* class . . . likely include Petitioner. * * * Accordingly, is recommended that Petitioner's claim with respect to Marsy's Law be dismissed

without prejudice to its resolution in the *Gilman* class actions."). *Cf. Walters v. Long*, 2013 WL 375398, *1 (C.D. Cal. Jan. 7, 2013) (noting respondent had moved to dismiss petition on grounds that it "failed to state a federal claim as required by 28 U.S.C. § 2254 and was precluded by the pending class action in *Gilman*" and recommending dismissal because petitioner failed to identify any U.S. Supreme Court decision holding Marsy's Law unconstitutional), *R&R adopted*, 2013 WL 375232 (C.D. Cal. Jan. 30, 2013) (Kronstadt, J.).

**In *Richard Gilman et al. v. Schwarzenegger et al.*, E.D. Cal. Case No. 2:06-cv-00830, an Eastern District of California district judge** granted a class of California state prisoners "a preliminary injunction preventing California from applying Penal Code § 3041.5 retroactively to prisoners who . . . committed their crimes before the initiative amending the section went into effect, on the assumption that to do so violated the ex post facto prohibition in the Federal Constitution." *Gonzales v. Swarthout*, 2012 WL 5011406, *4 (E.D. Cal. Oct. 17, 2012) (Singleton Jr., J.). The Ninth Circuit relied heavily on the U.S. Supreme Court's reasoning in *Calif. Dep't of Corrs. v. Morales*, 514 U.S. 499, 509, 115 S. Ct. 1597 (1995). The panel reasoned as follows:

> In *Morales*, the Supreme Court upheld the constitutionality of a statutory change to the laws that governed California parole hearings. There, the California legislature decreased the frequency of parole hearings for inmates convicted of multiple murders – from every year to up to every three years. The Court explained [that] the amendment did not increase the statutory punishment for any particular offense, did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole. The amendment simply introduced the possibility that after the initial parole hearing, the Board would not have to hold another hearing the very next year, or the year after that, if it found no reasonable probability that [the inmate] would be deemed suitable for parole in the interim period.
>
> This change did not violate the Ex Post Facto Clause because it did not produce a sufficient risk of increasing the measure of punishment attached to the covered crimes. The change applied only to a class of prisoners, murderers of multiple victims, for whom the likelihood of release on parole was quite remote; the frequency of an inmate's hearings was not affected unless the Board concluded it was not reasonable to expect that parole would be granted at a hearing during the following [three] years; and the Board retained the authority to schedule annual hearings. Thus,

the decrease in the frequency of parole hearings created only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment . . . . Further, inmates who received two- or three-year deferrals were not prohibited from requesting advance hearings based on changed circumstances that affected their suitability for parole.

*Gilman v. Schwarzenegger*, 638 F.3d 1101, 1106-07 (9th Cir. 2011) (internal citations, quotation marks, and alterations omitted). The panel therefore concluded as follows:

There were no facts in the record from which the district court could conclude that Proposition 9 [which enacted Marsy's Law] created a significant risk of prolonging Plaintiffs' incarceration; thus, the district court abused its discretion [in issuing the preliminary injunction]. * * * Because on the current record Proposition 9 does not create a significant risk of prolonging Plaintiffs' incarceration on any of the theories Plaintiffs assert, Plaintiffs have not established that they are likely to succeed on the merits of their *ex post facto* claim.

*Gilman*, 683 F.3d at 1110-11. The Ninth Circuit's denial of preliminary injunctive relief in *Gilman*, of course, means only that the court has concluded that the plaintiff class had not shown a likelihood of success on the merits; the plaintiffs still could ultimately prevail. Moreover, the Ninth Circuit opinion reversing the preliminary injunction against Marsy's Law held only that the plaintiffs were unlikely to succeed on the merits of their claim that Proposition 9 was *facially* invalid as violative of the Ex Post Facto Clause. The Ninth Circuit did *not* hold that the plaintiff class was unlikely to succeed on the merits of their claim that Proposition 9 was unconstitutional *as applied*. As another district judge explained, the Ninth Circuit in *Gilman*

applying *Garner* and *Morales* in a 42 U.S.C. § 1983 civil rights action, specifically held that the amendment of § 3041.5 by . . . Marsy's Law . . . did not violate the Ex Post Facto Clause on its face. *Gilman* did, however, leave open the second ex post fact test: [a California state prisoner] can demonstrate, by evidence drawn from [Proposition 9]'s practical implementation . . . , that its retroactive application will result in a longer period of incarceration than under [the prior law].

*Gonzales*, 2012 WL 5011406 at *5 (quoting *Gilman*, 638 F.3d at 1106). Petitioner, therefore, may yet obtain relief from Marsy's Law in the *Gilman* action, and that is his only permissible avenue to do so on this claim.

PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a certificate of appealability ("COA") from the circuit or district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding," *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), and "'[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (quoting Rule 11(a) of the Rules Governing Section 2254 Cases). The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citation omitted), which means the court may grant a COA on one claim and not others. *See, e.g., Brown v. Clark*, 2011 WL 2259130, *1 (C.D. Cal. June 6, 2011) (granting COA as to denial of Confrontation Clause claim but not as to denial of other claims), *aff'd*, 477 F. App'x 430 (9th Cir. 2012).

It is a "rare step" for a district court to issue a COA, *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment), and a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Henry v. Ryan*, – F.3d –, –, 2013 WL 3027404, *9 (9th Cir. June 19, 2013) (citing *Slack* and *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

In the case *sub judice*, reasonable jurists would not find it debatable that West's petition is subject to dismissal because it was filed outside AEDPA's one-year limitations period. Nor would reasonable jurists find it debatable that West's petition would be dismissed without prejudice even if it were timely because (1) petitioner is a member of a class certified by the Eastern District of California in the *Gilman* case; (2) that class is an opt-out class; (3) the docket sheet of *Gilman* does not show that petitioner has opted out of that class; (4) petitioner is neither asserting claims materially different from those asserted by the class; and (5) nor does it appear that he is seeking relief beyond that sought by that class. In short, given the posture of this case and the

pending class action where petitioner's interests are represented,[3] the questions raised by this petition are not "'adequate to deserve encouragement to proceed further.'" *Jennings v. Baker*, – F. App'x –, 2013 WL 830610, *1 (9th Cir. Mar. 7, 2013) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983)).

## ORDER

**The Report and Recommendation is ADOPTED as supplemented.**

The habeas corpus petition is **DISMISSED** both because it is untimely and because it is precluded by the pendency of a federal class action in which petitioner is a class member.

Based on the untimeliness of the habeas corpus petition, **the dismissal is with prejudice.**

The Court **DECLINES** to issue a certificate of appealability. This is a final order, but it will not be appealable until and unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[4]

As required by FED. R. CIV. P. 58(a)(1), the judgment is being issued as a separate document.[5]

---

[3] Class certification is proper only where the district court concludes, after "rigorous analysis," that the proposed class and its representatives satisfy Federal Rule of Civil Procedure 23(a). *See Wang v. Chinese Daily News, Inc.*, 709 F.3d 829, 832-33 (9th Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, – U.S. –, 131 S. Ct. 2541, 2551 (2011)). By certifying the class to which petitioner belongs, the Eastern District necessarily found that "the claims . . . of the representative parties are typical of the claims . . . of the class" and that "the representative parties will fairly and adequately protect the interests of the class", FED. R. CIV. P. 23(a)(3)-(4).

[4] *See Korn v. United States*, – F. Supp.2d –, –, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)) (n. 10 omitted) and FED. R. APP. P. 22(b)(1)).

[5] *See Cox v. California*, – F. Supp.2d –, –, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Fairbank, J.) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which stated, "The Court will issue a separate Judgment as required by Rule 58(a).") and *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1)."); *see also Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011) ("[T]he district court failed to issue

IT IS SO ORDERED.

---

. . . a separate judgment on the order granting . . . summary judgment, as was required, FED. R. CIV. P. 58(a)(1) . . . .").

MINUTES FORM 90                                            Initials of Deputy Clerk    LK
CIVIL - GEN